■ CITY OF NEW YORK, Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant, RENT STABILIZATION ASSOCIATION OF NEW YORK CITY et al., Intervenors-Appellants, and MET COUNCIL ON HOUSING et al., Intervenors-Respondents. [718 NYS2d 70] —Order and judgment (one paper), Supreme Court, New York County (Leland De-Grasse, J.), entered June 16, 2000, *inter alia*, declaring Local Law No. 73 (1997) of the City of New York to be lawful in all respects, and directing the State Division of Housing and Community Renewal (DHCR) to issue maximum base rent orders in accordance with Local Law 73 for the 1996/1997, 1998/1999 and all subsequent cycles, unanimously modified, on the law and the facts, to delete the direction to DHCR, and to replace it with a declaration that DHCR's existing interim maximum base rent orders are deemed final orders, and a directive that, upon exhaustion of all appellate remedies, DHCR is to notify all affected landlords and tenants accordingly, and otherwise affirmed, without costs.

The IAS Court correctly held that Local Law 73, which amended Administrative Code of the City of New York § 26-405 (a) (3) to provide that "[c]apital value shall be equalized assessed valuation based upon the appropriate tax class ratio which is established pursuant to article twelve of the real property tax law" instead of RPTL article 12-A, is not in violation of the Urstadt Law (McKinney's Uncons Laws of NY § 8605 [Local Emergency Housing Rent Control Act § 5 (L 1962, ch 21, § 5, as amended)]) barring any housing accommodations "presently subject to regulation and control" from being "subjected to more stringent or restrictive provisions of regulation and control than those presently in effect." There is no evidence to support the landlords' assertion that the City Council's decision in 1970, upon enactment of original Administrative Code § 26-405 (a) (3), to use the article 12-A ratio as the means for calculating value was intended as a benefit guaranteeing a preferred rate of return regardless of its accuracy as a determinant of value, and that no other, more accurate determinant of value could ever be used. Moreover, when the Urstadt Law was enacted in 1971 (L 1971, ch 372), Administrative Code § Y51-5.0 (a) (4) (now Administrative Code § 26-405 [a] [4]) clearly contemplated adjustments in the landlords' return on capital in providing that "[t]he return allowed on capital value may be revised from time to time by local law." Thus, there is no basis for construing Local Law 73 as anything more than a limited change in the "return" formula necessary to ensure a more accurate reflection of capital value. As the IAS Court concluded, in changing how to calculate an existing input, capital value, in the maximum base rent formula, Local Law 73 does not impose upon landlords any new regulations or controls. We modify only to relieve DHCR of the administrative burden of having to reissue, as final, orders that it has already issued on an interim basis. Concur—Sullivan, P. J., Williams, Tom, Saxe and Friedman, JJ.